# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON SUMMERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PFEIFFER,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00362-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Travon Summers ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On May 24, 2023, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 9.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 9.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.     Failure to State a Claim**

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

1 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

4       A complaint must contain "a short and plain statement of the claim showing that the
5 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*
8 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
9 true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
10 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11       To survive screening, Plaintiff's claims must be facially plausible, which requires
12 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
14 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
15 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17       **B.**     **Plaintiff's Allegations**

18       Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events in
19 the complaint are alleged to have occurred.  Plaintiff names Warden Christian Pfeiffer as the sole
20 defendant.

21       In claim 1, Plaintiff alleges the conditions of confinement violate the Eighth Amendment.
22 Plaintiff alleges that from December 2022 until around January 13, 2023, the water in Plaintiff's
23 cell stopped working.  KVSP staff was negligent after witnessing Plaintiff being deprived of basic
24 necessity, water.  KVSP failed to prove and allow Plaintiff to practice good, fair hygiene and
25 drink consumable amount of water.  Work orders were filed on 12/19/22, and Plaintiff filed a 602
26 complaint.  It was granted on 1/27/23, a month time span without water. Because of staff
27 negligence (citing Exh. E)1 and being deprived of basic necessity of water, Plaintiff was
28 physically and mentally injured.  Plaintiff has been suffering injury by KVSP since 2021 (Exh. F)

1 dating from when Plaintiff first filed for civil justice.  KVSP acknowledges being negligent on a

2 grand scale since 2021, as witnessed by another inmate who resided in the same living quarters as

3 Plaintiff.  He got his 602 granted (Exh. D).

4       Plaintiff was injured by lack of hydration and depression and inhumane conditions of

5 confinement.

6       In claim 2, Plaintiff alleges a violation of public health and welfare for deprivation of

7 human rights which violated the Eighth Amendment.  On 1/12/23, 1/13/23 and 1/25/13, Staff

8 Rodriguez displayed actions of cruel and unusual punishment toward Plaintiff.  Plaintiff has been

9 experiencing water failure since the year 2021when Plaintiff first addressed issues in a civil suit.

10 The water failure consist of water flooding the cell all day and night, rusty water spewing 24

11 hours a day, 7 days  a week and water stopping, leaving Plaintiff with no water, until plumbing

12 maintenance fixed the water failures.  On 1/12/23, Correctional Officer Rodriguez told Plaintiff to

13 manufacture a tool in Plaintiff's cell and stick it into the sink to try to manipulate some type of

14 water to come out of the sink.  Plaintiff said no and that no human should have to live like that.

15 Rodriguez agreed but said that since you are in prison there is not much other choice.  This cruel

16 action disturbed Plaintiff all day and night, and Plaintiff became depressed, lost sleep and had

17 head pain.  The next day on 1/13/23, Plaintiff asked Rodriguez to figure out if his statement the

18 day before was his true belief of cruelty or a threat to human life.  Rodriguez conformed his belief

19 disregarding human life.  KVSP authority of staff is a threat to all forms of human life and to

20 inmates and employees.  "Plaintiff beliefs that staff at KVSP is just a reflection of KVSP as an

21 institution because KVSP has deprived inmates and the actions KVSP displayed was negligence

22 and cruel and unusual punishment."

23       As remedies, Plaintiff seeks monetary compensation.

24       **C.**    **Discussion**

25       Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20

26 and fails to state a cognizable claim under 42 U.S.C. § 1983.

27 ///

28 ///

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Much of Plaintiff's allegations are conclusory as to what happened, when it happened, or which defendant was involved. The Court cannot discern which facts are important to Plaintiff's claims.

**2.     Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. Plaintiff appears to allege a claim for water stoppage against the Warden and a separate claim for cruelty for an unrelated incident involving Rodriguez. Unrelated claims involving multiple defendants belong in different suits. Merely because the claims involved denial of water does not

4

make every injury or incident related. Separate unrelated claims must be filed in separate lawsuits. The Court declines to expend its scarce resources screening improperly joined claims.

### 3. Federal Rule of Civil Procedure 10

The complaint's caption must contain the names of the defendants discussed in the body of the complaint. *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). The Court cannot have the complaint served on any of the parties discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-062502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the Complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10; *Callahan v. Unknown*, No. 1:22-CV 00221 BAM PC, 2022 WL 1215260, at *3 (E.D. Cal. Apr. 25, 2022), report and recommendation adopted, No. 1:22-CV221 JLT BAM, 2022 WL 1782559 (E.D. Cal. June 1, 2022); *Thomas v. Weaver*, No. 1:22-CV01492-BAM, 2022 WL 17822132, at *3 (E.D. Cal. Dec. 20, 2022) (same). Plaintiff's complaint fails to comply with Rule 10, but it appears he intends to state claims against Correctional Officer Rodriguez.

### 4. Supervisory Liability

To the extent Plaintiff seeks to hold Warden Pfeiffer, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't*

*of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### 5. Linkage Requirement

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff fails to link Warden Pfeiffer to any alleged wrongdoing. Liability based upon respondeat superior is not permissible.

### 6. Conditions of Confinement

To state an Eighth Amendment claim, Plaintiff must satisfy both the objective and subjective components of a two-part test. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, he must allege Defendants deprived him of the " 'minimal civilized measure of life's necessities.' " *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Wilson,* 501 U.S. at 304). When determining whether an alleged deprivation is objectively sufficiently serious to support an Eighth Amendment claim, the Court must consider the circumstances, nature, and duration of the deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731–32 (9th Cir. 2000). The "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

///

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Second, Plaintiff must allege facts sufficient to plausibly show each Defendant he seeks to hold liable had a "sufficiently culpable mind." *Wilson*, 501 U.S. at 297. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, that the official must "kn[ow] of and disregard[ ] an excessive risk to inmate health or safety[.]" *Id.* at 837.

Denial of running water for an approximate month time is extreme deprivation. Plaintiff's allegations satisfy the objective component of the two part test.

However, Plaintiff fails to allege the second component: that the defendant had a "sufficiently culpable mind" such that he was deliberately indifferent to the inmate's health. Plaintiff fails to link Warden Pfeiffer to this claim. Plaintiff fails to allege any factual support that Warden Pfeiffer knew of Plaintiff's situation and that he disregarded Plaintiff's situation. Plaintiff's complaint fails to adequately link any defendant to this claim.

To the extent Plaintiff is seeking to claim Correctional Officer Rodriguez is responsible for the lack of water, Plaintiff fails to state a claim. Plaintiff does not allege that Rodriguez had the authority or control over the property such that he is responsible for the failure to remedy the water stoppage. Indeed, Plaintiff purports to base a claim on a derogatory statement Rodriguez made to Plaintiff about how to fix the faucet. However, such statements are not actionable. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see*

*also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008).

### 7. State Law Claims

To the extent Plaintiff also alleges violations of California law, for negligence, Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal. 4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

## III. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 24, 2023 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice. (ECF No. 9, p. 9.) Thus, Plaintiff

had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.     Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2023**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE